People v W.C. (2025 NY Slip Op 50276(U))

[*1]

People v W.C.

2025 NY Slip Op 50276(U)

Decided on March 4, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 4, 2025
Youth Part, Erie County

The People of the State of New York

against
W.C., AO.

Docket No. FYC-70279-25/001

Noha Elnakib, Esq. (Assistant District Attorney)
Giovanni Genovese, Esq. (for Principal W.C.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of NOHA ELNAKIB, ESQ. (Assistant District Attorney), dated February 14, 2025; the responsive papers by GIOVANNI GENOVESE, ESQ., dated February 25, 2025, on behalf of AO W.C.; oral argument and a hearing on the motion having been waived by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO W.C. is charged under FYC-70279-25/001 with one count of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law Section 265.03(3), a class C felony.
This Court arraigned AO W.C. on January 29, 2025 and remanded him. On February 4, 2025, AO W.C. waived the felony hearing, and this Court continued the remand. The People conceded the six-day reading and this Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to presumptively remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary circumstances motion was scheduled for March 4, 2025.
AO W.C. was previously arraigned in Youth Part on another matter in the Fall of 2024. That case was removed to Family Court and ultimately resulted in AO W.C.'s placement in the custody of the Office of Children and Family Services on January 28, 2025 (one day prior to AO W.C.'s arraignment on this matter).

 Findings of Fact
It is alleged that on December 10, 2024, at or around 4:15 PM, officers responded to a [*2]call for a domestic disturbance at the home of AO W.C. The officers were familiar with AO W.C.'s family, having received at least ten prior 911 calls from their home. AO W.C.'s adoptive mother and father spoke with the officers upon their arrival. The mother reported that AO W.C. and his brother appeared to be on drugs and were falling down the stairs. AO W.C. had become aggressive with her when she confronted him. He asked her for money, and she said no. AO W.C. then pushed the mother and took her cellphone. The officers also spoke with AO W.C. They were near the front door at the time, and AO W.C. asked to go to his room and get a sweatshirt. AO W.C. led the officers to a bedroom. While standing in the doorway of the bedroom, one of the officers saw a black firearm, which appeared to resemble a rifle, on top of the bed. AO W.C. refused to allow the officers to further enter his room.
After this incident, law enforcement saw AO W.C. post on social media with what appeared to be a black long rifle. A school resource officer also alerted police that AO W.C.'s brother posted on social media with what appeared to be a long black rifle.
On January 3, 2025, officers went back to AO W.C.'s home and searched his bedroom with his mother's consent. They found a black drawstring bag under a couch in his room. The bag contained a dissembled black semi-automatic rifle with 1 round of ammunition loaded in the magazine. The rifle was recovered and submitted to the CPS Lab for testing. It was found to be loaded and operable.

Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A30009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to [*3]40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40. This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
Extraordinary circumstances have not been proven in this case. AO W.C. is charged with criminal possession of a weapon in his family home. The People do not allege that he used the firearm in furtherance of a crime. No one was physically harmed in this incident, and no personal property was damaged.
The People have not proven that AO W.C. is not amenable to or would not benefit in any way from the heightened services available in Family Court. AO W.C. was removed from his home and placed in the custody of the Office of Children and Family Services just one month ago, and after the instant events. He did not have the benefit of such services prior to the instant arrest. While in placement, he will receive intensive rehabilitative services aimed at improving his family dynamics and reducing recidivism. Moreover, the rehabilitative efforts of the Office of Children and Family Services take time; this Court will grant AO W.C. time to reform himself.
Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN